IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCHAMEIL YULE (#M-44477), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 2134 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| TOM DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff is allowed to proceed on his second amended complaint [18] against defendants Dart and Crw. Taylor. On the Court's own motion, the Cook County Jail and Cermak Health Services are dismissed on initial review under 28 U.S.C. § 1915A. The Clerk is directed to: (1) reinstate Sheriff Thomas Dart as a defendant for the sole purpose of assisting plaintiff to identify the individuals responsible for the conduct alleged in plaintiff's second amended complaint; and (2) issue summons for service of the second amended complaint [18] on defendant Dart by the U.S. Marshal. The U.S. Marshal is directed to serve defendant Dart using the USM-285 form provided by plaintiff on February 12, 2015 [17].

## STATEMENT

Plaintiff Schameil Yule, a former inmate at Cook County Jail, brought this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that grievance counselor Taylor and an unidentified jail employee violated plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, plaintiff alleges that defendants denied him timely access to an optometrist or ophthalmologist, that his eyes became inflamed because he was denied the means to clean and store his contact lenses, and that he had to wait five months for eyeglasses.

Because of issues encountered with obtaining service on defendant Taylor, whom plaintiff identified in his first amended complaint as "Crw. Taylor," the court granted plaintiff leave to amend his pleading to either identify defendant Taylor by his or her full name or to identify a defendant who could assist him in identifying defendant Taylor's actual name. Plaintiff did as instructed and filed a second amended complaint [18] that is factually identical to his amended complaint. Plaintiff named as defendants the unidentified individuals who plaintiff believes are responsible for the conduct underlying his claims, *i.e.,* Crw. Taylor and John Doe. Plaintiff also named as defendants the individuals and entities he believes may be able to help him identify defendant Taylor's actual name, *i.e.,* Tom Dart, Cook County Jail, and Cermak Health Services. Before the Court is plaintiff's second amended complaint [18] for preliminary

review.

Under 28 U.S.C. § 1915A, the Court must conduct an initial review of prisoner complaints against government entities or employees. Under § 1915A, the Court is required to dismiss the complaint, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." *See id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). At this juncture, the factual allegations of a plaintiff's complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's second amended complaint [18] may proceed against defendants Dart and Crw. Taylor. As discussed in the Court's prior orders, plaintiff has stated a claim for deliberate indifference against Crw. Taylor. However, Cook County Jail must be dismissed from this action because the Cook County Department of Corrections is not a suable entity. *Castillo v. Cook Cnty. Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). Similarly, Cermak Health Services is not a suable entity, *Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001), and must be dismissed. Because plaintiff does not know the names of the people who allegedly caused his injury, the Court will allow this action to proceed against Cook County Sheriff Thomas Dart solely for the purpose of identifying the unknown defendant or defendants.

After plaintiff has obtained service on Dart and an attorney has entered an appearance on Dart's behalf, plaintiff may send defense counsel interrogatories (that is, a list of questions) seeking information about the identity of the personnel who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33; *see Billman v. Ind. Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995) (explaining that an incarcerated plaintiff should be allowed an opportunity, at the pleading stage, to discover the identity of unknown defendants). After plaintiff learns Crw. Taylor's and the John Doe defendant's identities, he may submit a proposed amended complaint that names the defendants by their actual names. Plaintiff must submit a proposed amended complaint identifying Crw. Taylor and the John Doe defendant by their actual names within the statute of limitations period if he wishes to proceed against them. *See Baskins v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Federal Rule of Civil Procedure 4. Plaintiff therefore must determine the names of the individuals he alleges are responsible for the violations described in the complaint and amend his complaint to add those individuals by their actual names. Summonses will then issue for service on the individuals allegedly responsible for the conduct at issue in plaintiff's complaint.

The Clerk is directed to issue summons for service of the second amended complaint [18] on Cook County Sheriff Dart. The United States Marshals Service is appointed to serve defendant Dart. The Marshal is directed to serve defendant Dart using the USM-285 form provided by plaintiff on February 12, 2015 [17]. The Marshal is directed to make all reasonable efforts to serve the defendant. The Marshal is authorized to mail a request for waiver of service

to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must send an exact copy of any court filing to defendant (or to defense counsel, after an attorney has entered an appearance on behalf of the defendant). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

**SO ORDERED.**          ENTERED:   March 2, 2015

                                                                        _____
                                                                        **HON. JORGE L. ALONSO**
                                                                        **United States District Judge**