UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCHAMEIL YULE, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 2134 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Jorge L. Alonso |
| THOMAS DART, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, THOMAS DART, (hereinafter "DART" or "Defendant"), by his attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant, Anna O'Connor, move this Honorable Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. In support of this motion, Defendant states as follows:

### INTRODUCTION

Plaintiff alleges a deliberate indifference claim against Defendants DART, CRW Taylor and John Doe for failing to provide Plaintiff with adequate medical care while incarcerated as a pretrial detainee at the Cook County Jail (*See Plaintiff's Amended Complaint, Dkt. 20*).[1] As this Motion will detail, this claim is futile as Plaintiff fails to provide any viable allegations to support a claim for liability against Defendant Dart (or any Defendant) in his/their official capacity under 42 U.S.C. §1983[2].

---

[1] Per the §1915 order, (Dkt. 19), the Court allowed this action to proceed against Cook County Sheriff Thomas Dart solely for the purpose of identifying the unknown defendant or defendants; however, as outlined in this Motion to Dismiss, Plaintiff cannot state a viable claim of deliberate indifference to any Defendant (whether identified or not).
[2] Plaintiff's complaint identifies Defendant, Tom Dart, John Doe (an unidentified Administrator at the Cook County Jail), and CRW Harriet Taylor, (a correctional rehabilitation worker at the Cook County Jail). CRW Taylor is no longer employed with the Sheriff's Office and her current whereabouts are unknown. To date, she has not been served in this matter.

1

## STATEMENT OF RELEVANT FACTS

The following facts are taken from Plaintiff's Amended Complaint, and are presumed to be true solely for the purposes of this Motion to Dismiss. On June 9, 2013, Plaintiff notified unidentified medical staff at the Cook County Department of Corrections, (hereinafter "CCDOC"), that he has been wearing contact lenses and needs glasses. *Id*. Plaintiff advised that he was neither given contact cleaning solution nor a container for his contacts upon his arrival at CCDOC. *Id.* Plaintiff repeatedly informed CRW Taylor of his request to see an eye doctor on several occasions. *Id.* He finally called to the Dispensary after filing a grievance[3] for an eye appointment. *Id.* Plaintiff stated his contacts were "burning his eyes" causing redness and pain. *Id.* Further, Plaintiff alleges he is legally blind without contacts or glasses. *Id.* Plaintiff sees the ophthalmologist on September 11, 2013 and he ordered glasses per Plaintiff's request. *Id.* The ophthalmologist advised Plaintiff that it would take two months to receive his glasses. *Id.* Plaintiff received the glasses on November 20, 2013. *Id.* Plaintiff alleges that he couldn't see anything and was in pain as a result of the time it took to see an ophthalmologist and receive glasses. *Id.*

## STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010)(citation omitted). A claim is "plausible" when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556.

---

[3] Plaintiff's grievance identified in his Amended Complaint was attached as an exhibit to his Amended Complaint.

In order to survive dismissal under Rule 12(b)(6), a plaintiff must plead sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556 (emphasis added); see *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)(a court need not strain to find inference from the complaint's allegations). Moreover, a court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), or "naked assertion[s] devoid of any "factual enhancement." *Twombly*, 550 U.S. at 557. A complaint cannot escape dismissal merely by pleading facts that are "consistent with a defendant's liability." *Id*.

## ARGUMENT

I. **PLAINTIFF FAILS TO STATE A VALID DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT THOMAS DART (OR ANY DEFENDANT) UNDER 42 U.S.C. §1983.**

To sustain a claim of deliberate indifference to medical needs, Plaintiff must allege that he "suffered from an objectively serious medical condition, and that a state official subjectively disregarded the risk to his health," *Greene v. Pollard*, No. 07-3041, 335 Fed. Appx. 612, 614 (7th Cir. 2009). "The official must be aware from facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw that inference." *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). While there is "no settled precise metric to assess when a plaintiff's need is sufficiently serious…our standard contemplates a condition that has been diagnosed by a doctor as mandating treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention." *Id.* (*citing Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 1997); *Gutierrez v. Peters*, 111 F.3D 1364, 1374 (7th Cir. 1997)). Furthermore, [i]f either the objective or subjective portion is not satisfied, plaintiffs cannot make

out an Eight Amendment Claim." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). In determining whether a deprivation of medical care amounts to deliberate indifference, the court considers such factors as "the severity of the medical problem, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention. *Freshwater v. Brankle*, 2005 U.S. Dist. LEXIS 31451; 2005 WL 3159151 at *15-16. An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id*. at 16. *(citing Langston v. Peters*, 100 F3d 1235, 1240 (7th Cir. 1996).

In *Freshwater*, Plaintiff, a pretrial detainee at Grant County Jail in Marion, Indiana, had a diabetic eye exam where he received a prescription for magnification strength reading glasses on a script. *Id*. at 9. The Grant Jail does not purchase prescription glasses for inmates; however, inmates may purchase glasses at the commissary. *Id.* at 9-10. Plaintiff filed several grievances regarding his need for glasses and his pain from blurred vision, headaches, and watery and burning eyes without any response to same. *Id.* at 10-11. Plaintiff always had enough funds to purchase the glasses at the commissary; however, he believed that the Grant Jail should provide him glasses without charge. *Id.* at 11. Plaintiff alleged that the jail's failure to provide eye glasses amounted to deliberate indifference to his medical needs in violation of the civil rights. *Id*. at 13. The Court concluded that Plaintiff had not presented any evidence that there was a potential for serious harm if he was not provided glasses or that he actually suffered such harm because he did not receive the glasses. *Id*. at 16. (*citing Koehl v. Dalsheim*, 85 F.3d 86 (2nd Cir. 1996) (plaintiff would fall and walk into objects without specifically prescribed, tinted eye glasses that corrected sever double vision and loss of depth perception that resulted from head

injury). The Court further noted that Plaintiff did not have difficulty functioning without glasses and that his medical need was not objectively serious because all of his grievances related to his claim were hand written by Plaintiff, evidencing that he could function well enough to write. *Id.* at 17. Additionally, the Court reasoned that, although Plaintiff was likely frustrated by the lack of response to some of his grievances, none of the grievances suggested that there was an increased risk to the Plaintiff if he was not provided reading glasses. *Id.* at 18.

Here, Plaintiff fails to state a sufficient claim of deliberate indifference against the Defendant, Thomas Dart, or any Defendant in this case. Even accepting the injurious allegations in Plaintiff's Amended Complaint as true, eye pain is not a serious medical condition. It is well-settled that not every injury occurring in a prison or jail is sufficient to raise a constitutional claim. *See, e.g.*, *Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006)(plaintiff's split lip and swollen cheek not objectively serious injury that are "so obvious that even a lay person would easily recognize the necessity for a doctor's attention")(citing *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001)); *Boyce v. Moore*, 314 F.3d 884, 890 (7th Cir. 2002)(swollen eyes not an obvious risk); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)(plaintiff's complaint of breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy are "objectively speaking, relatively minor"); *Davis v. Jones*, 936 F.2d 971, 972-73 (7th Cir. 1991)(one inch cut to the temple and scraped elbow did not require immediate medical attention); *Alvarado v. Battaglia*, 539 F. Supp. 2d 1022, 1028 (N.D. Ill. Feb. 13, 2008)(plaintiff's claim that he was bleeding from his mouth and that his knee was scrapped, bleeding and swollen were "at most" minor injuries); *Larrabee v. Public Safety Building*, 05 C 2235, 2007 U.S. Dist. LEXIS 21627, at * 12 (C.D. Ill. March 27, 2007)(a plaintiff's shoulder and neck pain treated with Motrin did not constitute a serious medical condition); *Gibson v. Ramsey*, 99 C 5315, 2004

U.S. Dist. LEXIS 1128, at * 22 (N.D. Ill. Jan 29, 2004)(complaint of back pain which required Tylenol did not state a serious medical condition).

Assuming for the purposes of this motion to dismiss that the aforementioned injury constitute a serious medical condition, Plaintiff has failed alleged that any Defendant was deliberately indifferent to his serious medical needs. Plaintiff alleges in his Amended Complaint that on June 9, 2013 and subsequent to said date, he put in multiple requests to see an eye doctor because his eyes were burning, bright red and very painful from wearing contact lenses. Plaintiff states he didn't see the eye doctor until September 11, 2013 and he didn't receive his glasses until November 20, 2013. (*See Plaintiff's Amended Complaint*, *Dkt*. 20). In support of his allegations, Plaintiff attaches a grievance to his Amended Complaint, dated July 12, 2013, where he complains of being in several discomfort and pain as a result of wearing old contact lenses and requested medical treatment. *Id.* On July 23, 2013, Plaintiff receives a response to his grievance that he has an eye doctor appointment scheduled for September 3, 2013. *Id.* Plaintiff sees the response to the grievance on July 31, 2013 and files an appeal to same on August 6, 2013, stating that he wants an earlier appointment. *Id.* Plaintiff's appeal is received by the Administrator on August 12, 2013 and his eye doctor appointment was moved from September 3, 2013 to August 20, 2013 to accommodate his request for an earlier appointment. *Id*. Plaintiff is a "no show" at his earlier appointment and said appointment was rescheduled to September 11, 2013.

Analogous to *Freshwater*, Plaintiff fails to plead any facts sufficient to support a deliberate indifference claim. While Plaintiff complained of pain from wearing old contacts and being "legally blind", he did not have difficulty functioning with his contacts as he was able to legibly handwrite his grievance on July 31, 2013 and legibly handwrite a response to his

6

grievance on August 6, 2013. Further, the Administrator accommodated Plaintiff's grievance response by moving his appointment to a date two weeks earlier (from September 3, 2013 to August 20, 2013); however, Plaintiff missed the appointment as evidenced on the last page of Plaintiff's Amended Complaint. *Id.* Furthermore, Plaintiff did not plead any facts to support the notion that there was a potential for serious harm if he was not immediately provided glasses or that he actually suffered such harm because he did not receive the glasses in a "timely" fashion. Last, Plaintiff did not plead any facts or complain of any incidences involving falls or other injuries as a result of wearing old contacts while waiting for his eye doctor appointment and/or prescription glasses. Accordingly, Plaintiff's Amended Complaint fails to state an adequate claim of deliberate indifference; consequently this claim against Defendant Thomas Dart, and all Defendants, should be dismissed with prejudice.

## II. Plaintiffs Fail To State A Valid Claim Against Defendant Dart In His Official Capacity Under 42 U.S.C. §1983.

Plaintiff fails to state a claim against Defendant in his official capacity. A municipality only may be held liable under § 1983 for constitutional violations caused by the municipality itself through its own policy or custom." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007), *citing Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). In other words, "local governments are responsible only for their own illegal acts" and may not be held "vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011)(internal quotation marks omitted).

There are no facts in the Complaint describing any policy, practice or custom of Defendant Dart, (or any Defendant). As such, Plaintiff's Complaint has failed to state what policy or widespread practice of Defendant Dart caused him to suffer an injury of a constitutional magnitude.

Plaintiff's allegations amount to nothing more than "naked assertion[s] devoid of any factual enhancement" that the Supreme Court has held is insufficient. *Ashcroft,* 556 U.S. at 669.

The claims against Defendant Dart (and all Defendants), should be dismissed because Plaintiff has failed to plead sufficient factual content that allows the Court to draw the reasonable inference that Defendant Dart is liable for the alleged misconduct. Plaintiff's allegations fall woefully short of the requirements under *Twombly*. Plaintiff makes no factual allegations of how Defendant Dart would have prevented the alleged constitutional violations. For these reasons, Plaintiff's Complaint has not stated a *Monell* claim against Defendant and this Court should dismiss Plaintiff's Amended Complaint. *See, e. g., Thomas*, 604 F.3d at 303; *Grieveson*, 538 F.3d at 774; *Gable*, 296 F.3d at 538.

## **CONCLUSION**

Based upon the foregoing, the Amended Complaint against Defendant Thomas Dart, (and all Defendants), should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Moreover, Defendant requests that this Court stay any responsive pleadings in this matter until this Court rules on this motion.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

        By:   *s/Anna G. O'Connor*
              Anna G. O'Connor
              Assistant State's Attorney
              500 Richard J. Daley Center
              Chicago, Illinois 60602
              312-603-6665